FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

JUN - 8 2006

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FORTRESS SYSTEMS, L.L.C., a Nebraska Domestic Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF THE WEST, a California banking corporation,<br><br>Defendant. | Case No: 8:06-CV-283<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties in the above-captioned matter have agreed that during the course of this action it may be necessary to disclose certain confidential and/or proprietary documents and information relating to the subject matter of this action, and the parties have further represented that they have no wish or intention to use such confidential information for any purpose other than the prosecution and defense of this action.

THEREFORE, to preserve the confidentiality of such confidential and/or proprietary documents and information pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is ordered as follows:

1. (a) "Parties" shall include all parties now named or hereafter joined as a plaintiff or defendant, in this action, and shall include all officers and employees of every corporate party.

   (b) "Document" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

   (c) "Furnish" shall mean to provide, file, or deliver for inspection or review to any person or persons, whether voluntarily or involuntarily, whether pursuant to discovery, pre-trial exchange or otherwise, in prosecution or

defense of this action; or to give testimony or statements of any kind, whether voluntarily or involuntarily, and whether in deposition or in Court proceeding.

(d) "Person" shall mean any individual, corporation, partnership, association, unincorporated organization, or other entity.

(e) "Confidential Information" shall mean the contents of any document or transcript of testimony which shall have been designated by any party as confidential because it contains confidential research, development or commercial information and any pleadings, briefs, filings or other material containing or otherwise disclosing the contents of such information. Designation of information as confidential shall be accomplished as follows: with respect to documents, any document produced by any party may be marked, in whole or in part, with the legend "CONFIDENTIAL"; with respect to information or documents adduced at depositions, hearings or trial, by proceeding in the manner provided in paragraphs 6 and 7 below.

2. Confidential Information may be disclosed only as follows:

(a) to counsel of record who are outside counsel to the parties herein (and corporate counsel regularly employed by such parties), including all regular employees of counsel such as legal associates, paralegals, secretaries and other support staff, so long as all such persons are informed of this stipulation and order and orally agree to its terms;

(b) to the Court, *in camera*;

Doc. No. 216910-1

2

(c) to court reporters, subject to the provisions of paragraph 6;

(d) to the actual or potential deposition or hearing witnesses, subject to the terms of paragraph 3;

(e) to parties who are assisting counsel in the prosecution or defense of this action, subject to the terms of paragraph 3; and

(f) to outside experts or consultants employed by counsel for the purpose of assisting in the prosecution or defense of this action, subject to the terms of paragraph 3.

Confidential Information furnished to a party or any to other person in connection with the above captioned proceedings shall only be used for the purpose of the conduct of the above captioned proceedings and for no other purpose

3. Counsel for the respective parties shall be responsible for informing all persons to whom confidential information may be disclosed, as necessary, of the contents of this protective order and that such parties are prohibited from disclosing or using such protected information except in accordance with the terms of this order.

4. Confidential Information shall at all times during litigation be maintained in the utmost confidentiality and used only in accordance with the provisions of this order by all persons having access to it, and upon conclusion of the litigation be destroyed or returned to the producing party, along with all copies, excerpts or summaries therefrom. The termination of this case shall not relieve any person covered by this stipulation and order from the obligation to comply with the terms of it.

5. Counsel desiring to make disclosure of Confidential Information to any person other than those set forth in paragraph 2 above shall make such a request to the party producing the information, and the parties shall attempt to agree on whether such disclosure shall be made.

6. If, during a deposition, information which any party wishes to designate as Confidential Information is disclosed through any question, testimony, colloquy, or use of an exhibit, the party so claiming that such information is Confidential Information shall inform the court reporter and counsel for the other parties of the claim of confidentiality either contemporaneously on the record during the deposition or in writing within ten (10) days after receiving a copy of the deposition transcript. Unless otherwise agreed by counsel for the parties prior to the taking of any deposition, a copy of this Protective Order shall be supplied to the applicable court reporter and such court reporter shall orally agree to be bound by the terms of the Protective Order before any Confidential Information is used during such deposition.

7. If at a hearing or at trial any Confidential Information is disclosed through any question, testimony, or colloquy, is entered as evidence, or otherwise becomes part of the evidentiary record, any party wishing to withhold or remove such Confidential Information from the evidentiary record shall file a motion with the Court within ten (10) days from the date such Confidential Information was first entered into evidence or made a part of the evidentiary record. Any motion to withhold or remove Confidential Information from the record need not disclose any of the information claimed to be confidential, and arguments or materials which would disclose such information may be presented to the Court *in camera*. The motion shall be accompanied by a proposed order and shall show why it is necessary in the interests of justice to withhold or remove the information. If a motion pursuant to this paragraph is not filed within the ten (10) day time period noted above, or an extension thereof, or such motion is made and

denied, the information sought to be protected by the motion shall no longer be subject to any of the provisions of this protective order, and the designation of the information as "CONFIDENTIAL" shall be removed. If such motion is granted, the Confidential Information shall be placed in sealed envelopes or containers in accordance with paragraph 9 below. Any information, documents, or material not claimed to be confidential shall not be included in a protective order or an application therefore pursuant to this paragraph, except where such information, document, or material is logistically inseparable from other information, documents, or material claimed to be confidential. Information, documents, or material claimed or held to be confidential pursuant to this paragraph shall thus be submitted separately from the text of any deposition, brief, or other document containing or referring to non-confidential information.

8. Nothing herein shall be deemed to restrict in any way a party or its attorneys with respect to its own documents or to prevent a party from using or disclosing information obtained from public documents or other documents legally and properly obtained other than pursuant to being furnished in this case.

9. This Stipulation and Protective Order covers documents filed with the Clerk of Court. All such documents to be filed with the Court must be in sealed envelopes or other appropriate sealed containers marked "Confidential Information" and must be marked with the following statement:

> This package contains information protected from disclosure. It is neither to be opened nor the contents displayed or revealed, except by an order of the Court or pursuant to stipulation of the Parties and is to be opened only as the Court directs.

10. In the event that any party objects to the designation of any information as Confidential Information, that party shall make such objection known to the party furnishing the information, and thereafter counsel shall meet and confer (by telephone or otherwise) to attempt

to resolve the dispute. Any such resolution shall be set forth in writing and signed by both parties to the dispute. In the event the dispute is unresolved, the party objecting to the designation shall either present the dispute to the Court in camera or provide the party furnishing the information with an adequate and reasonable opportunity to present the matter to the Court in camera. In such a case, any information identified as Confidential Information shall remain protected until the Court rules.

So Ordered this 8th day of June, 2006.

UNITED STATES DISTRICT COURT JUDGE
Magistrate

Approved:

FORTRESS SYSTEMS, L.L.C., Plaintiff,

By: _____
W. Patrick Betterman (#10306)
For: Law Offices of W. Patrick Betterman
12829 West Dodge Road, Suite 202
Omaha, NE 68154-2188
(402) 333-3334
pat@betterlaw.com

BANK OF THE WEST, Defendant,

By: _____
Gerald L. Friedrichsen (#15898)
Andrew T. Schlosser (#22008)
For: FITZGERALD, SCHORR, BARMETTLER
& BRENNAN P.C., L.L.O.
13220 California Street, Suite 400
Omaha, NE 68154
(402) 342-1000
(402) 342-1025 fax
gfriedrichsen@fitzlaw.com
aschlosser@fitzlaw.com

Doc. No. 216910-1               6