IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FORTRESS SYSTEMS, L.L.C.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV283 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **BANK OF THE WEST,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Compel Discovery and for Attorney Fees and Costs (Filing No. 33). The plaintiff filed a brief (Filing No. 34) and an index of evidence (Filing No. 35) in support of the motion. The defendant filed a brief (Filing No. 39) and an index of evidence (Filing No. 40) in opposition to the plaintiff's motion. The plaintiff filed a brief (Filing No. 41) and an index of evidence (Filing No. 42) in reply. The plaintiff seeks discovery related to the relationships between the defendant, its attorney and certain non-parties. The defendant objects to such discovery and after reasonable attempts, the parties were unable to resolved their dispute. For the reasons stated below, the plaintiff's motion will be granted, in part.

## BACKGROUND

The plaintiff filed the instant lawsuit in the District Court of Douglas County, Nebraska, alleging the defendant is liable for breach of contract (Claim I), promissory estoppel (Claim II) and breach of duty of good faith and fair dealing (Claim III). The defendant removed the case to the United States District Court for the District of Nebraska. The plaintiff's claims arise from a business arrangement between the plaintiff and Commercial Federal Bank (Commercial Federal).[1] Specifically, the plaintiff alleges that in December 2001, Commercial Federal, through loan officer Christy Edwards, agreed to provide a term loan to the plaintiff. However, on December 10, 2001, the date scheduled

---

[1] Commercial Federal and Bank of the West merged in approximately December 2005. **See** Filing No. 36.

for closing, Commercial Federal informed the plaintiff that Commercial Federal would not close on the loan due to a prior allegedly undisclosed lawsuit filed by the Brodericks against the plaintiff.  The Brodericks had been minority members of the plaintiff and were represented in the Broderick lawsuit by Fitzgerald, Schorr, Barmettler & Brennan, P.C.  The plaintiff alleges Edwards was aware of the Broderick lawsuit in advance of the loan discussions through correspondence between Edwards and John Houston, a member of the plaintiff.  Additionally, the plaintiff alleges the law firm representing Commercial Federal, at the time Commercial Federal refused to close on the loan, was the same firm representing the Broderick plaintiffs.  Similarly, Fitzgerald, Schorr, Barmettler & Brennan, P.C. represents the defendant in the current action.

Based on these allegations, the plaintiff served the defendant with a Third Set of Interrogatories (Interrogatory Nos. 11-18) on February 19, 2007, seeking discovery about the involvement and relationships between the Brodericks, Commercial Federal, and Fitzgerald, Schorr, Barmettler & Brennan, P.C.  **See** Filing No. 31 - Notice of Service.  The plaintiff states the information is relevant to the plaintiff's allegations that the defendant's breach of good faith and fair dealing resulted from the defendant's disclosure of confidential information to the Brodericks.  **See, e.g.,** Filing No. 42, Exhibit 9 - First Amended Complaint ¶ 16 (also found at Filing No. 1, p. 22).  The plaintiff also alleges Commercial Federal refused to close on the loan until the plaintiff settled the lawsuit with the Brodericks, to the plaintiff's detriment.  The plaintiff states the interrogatories are limited in time to the period just preceding and surrounding the defendant's breaches, from 1996 to 2002.  Accordingly, the plaintiff contends the information sought is relevant to establish relationships between the subjects so that the plaintiff may determine what impact those relationship had on the defendant's failure to initially close on the loan or condition the loan on settlement of the Broderick lawsuit.

On March 26, 2007, the defendant served a response objecting to the interrogatories.  **See** Filing No. 32 - Notice of Service.  The defendant's response to the eight interrogatories was the same:

> Bank of the West objects to this Interrogatory on the grounds it is overly broad and unduly burdensome, and further objects on the grounds the Interrogatory seeks information that is not

> relevant to any issue in this matter nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, is outside the scope of discovery contemplated by Neb. Ct. R. Of Discovery 26(b)(1).

**See** Filing No. 35, Exhibit 1.

The defendant argues the plaintiff has failed to show how the information sought is relevant to any of the claims or defenses in this action. Specifically, the defendant contends regardless of any information gleaned from the interrogatories, the plaintiff would be in no more, or less, favorable position with regard to meeting its burdens on the elements of the claims alleged in the complaint. Additionally, the defendant asserts the interrogatories are overly broad which creates an undue burden on the defendant. The interrogatories do not limit the type of relationship or the type of employee requiring disclosure. Accordingly, the defendant contends it would have to investigate whether any of the thousands of past or current employees had any type of personal or other relationship with any of the other subjects. The defendant argues that in light of the lack of relevance, the obvious burden outweighs any potential benefit to the plaintiff of attaining the information sought.

In reply, the plaintiff contends the interrogatories are relevant as previously argued. However, the plaintiff agrees to further limit the interrogatories, if required to do so, to "the relationships and transactions, personal and business, between each of the Brodericks and Commercial to that of all of Commercial's directors, officers, senior management and any other persons involved in any way in the loan process with regard to the Plaintiff's loans at issue in this matter." **See** Filing No. 41, p. 3. The plaintiff maintains any relationships between the Brodericks and the law firm are relevant.

## ANALYSIS

**A.   Interrogatories**

Federal Rule of Civil Procedure 33 provides:

> (b)(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection

> and shall answer to the extent the interrogatory is not objectionable.
>
> * * * *
>
> (b)(4)  All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

Fed. R. Civ. P. 33.

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See Burlington Ins. Co. v. Okie Dokie, Inc.**, 368 F. Supp. 2d 83, 86 (D. D.C. 2005). Typically, the burden is on the party resisting discovery to explain why discovery should be limited given that the Federal Rules allow for broad discovery. **See Rubin v. Islamic Republic of Iran**, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004).

However, the proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required. **Hofer v. Mack Trucks, Inc.**, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See Cervantes v. Time, Inc.**, 464 F.2d 986, 994 (8th Cir. 1972). The court may issue a protective order to prevent discovery where "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). The District Court "enjoys considerable

discretion over discovery matters" and may limit the scope of discovery, if it has a good reason to do so. **Burlington Ins.**, 368 F. Supp. 2d at 86.

The court finds the plaintiff has met its threshold burden of showing the identification of certain relationships between Commercial Federal, its attorneys and certain non-parties may bear on the issues raised by the plaintiff's claims. However, the plaintiff's interrogatories, as initially proposed, are overly broad, which would create an undue burden on the defendant to formulate a timely response. Under the circumstances, the court will limit the discovery requests as proposed by the plaintiff. The court will further limit the Interrogatory Nos. 11-14 to any persons, then employed by Commercial Federal, involved in any way in the loan process with regard to the plaintiff's loans at issue in this matter. The defendant's response should include Commercial Federal's directors, officers, and/or senior management to the extent such persons were involved in any way in the loan process with regard to the plaintiff's loans at issue in this matter. Otherwise, the defendant has failed to meet its burden of substantiating its objections to providing the discovery sought.

**B.    Sanctions**

With regard to motions to compel discovery responses, Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). Upon reviewing the circumstances of this case, finding the motion to compel was warranted as to some of the information sought, and finding some

5

of the objections were substantially justified,[2] the court finds sanctions should not be imposed in this matter.  The defendant has asserted legitimate reasons for several of the objections it submitted, though not all were found to be supportable.  Thus, the court finds the defendant has shown substantial justification for its position as to the discovery responses addressed herein.  **See** Fed. R. Civ. P. 37(a)(4)(A).  Furthermore, because the motion was granted in part and denied in part, the court is not required to apportion attorney fees or expenses between the parties.  **See** Fed. R. Civ. P. 37(a)(4)(C) (noting the court *may* apportion expenses incurred between the parties when a motion to compel is granted in part and denied in part).  Under the circumstances, the court does not find the imposition of sanctions to be warranted and will not assess sanctions against either party with regard to the instant discovery dispute.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Compel Discovery and for Attorney Fees and Costs (Filing No. 33) is granted, in part, and denied, in part.  The plaintiff's motion is granted such that the defendant shall supplement its responses to Interrogatory Nos. 11-18, but the responses to Interrogatory Nos. 11-14 may be limited to any persons, then employed by Commercial Federal, involved in any way in the loan process with regard to the plaintiff's loans at issue in this matter.  The plaintiff's motion is denied with respect to an award of attorney's fees or costs.

2. The defendant shall have to **on or before June 4, 2007**, to amend its interrogatory responses by supplementing the responses to Interrogatory Nos. 11-18.

DATED this 15th day of May, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

[2] The provisions of Rule 37(a)(4) provide that sanctions may not be appropriate where a motion was substantially justified.  "Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule."  Charles A. Wright, et al., ***Federal Practice and Procedure*** § 2288 (2d ed. 1994).