IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FORTRESS SYSTEMS, L.L.C., | ) | |
| Plaintiff, | ) ) ) | 8:06CV283 |
| vs. | ) ) ) | MEMORANDUM AND ORDER |
| BANK OF THE WEST, | ) ) ) | |
| Defendant. | ) ) ) ) | |

This matter is before the court on defendant Bank of the West's ("Bank of the West") motion for summary judgment, Filing No. 47. Bank of the West, a California corporation that does business in Omaha, Nebraska, is the successor bank to a previous merger with Commercial Federal Bank ("Commercial Federal"). Fortress Systems L.L.C. ("Fortress"), a Nebraska business, intended to build a new plant. On December 5, 2001, Fortress contracted with Commercial Federal to receive a credit facility of up to $2.2 million term loan, not to exceed 80% of the purchase price of the property, plant, and equipment of the new plant. Fortress also contracted to receive a $1.0 million revolving loan for Fortress's operations.

The letter of commitment also provided for several conditions. Those conditions included execution of a formal loan agreement, and "[f]inalization of loan documentation containing terms and provisions acceptable to [Commercial Federal] and its legal counsel and containing the terms stated in the formal loan commitment." Filing No. 49, Attachment 4 ("Exhibit 33"). The commitment letter also contained the following paragraph before the signature lines:

> By signing below, Fortress system acknowledges the terms hereof, that this is a commitment only, and that a formal Loan Agreement must be entered into and all terms and requirements thereof met to the satisfaction of CFB before CFB will be obligated to close and fund the loan generally outlined in

>this commitment. The terms of this shall expire on December 7, 2001 unless extended in writing by [Commercial Federal].

Filing No. 49, Attachment 4 ("Exhibit 33").

On February 20, 2002, Commercial Federal informed Fortress that it would not provide the loans and repudiated the contract. Fortress claims that it sustained losses and damages as a result of the repudiation, and brought suit against Bank of the West in the District Court of Douglas County, Nebraska. In its first amended complaint, the plaintiff alleges claims of breach of contract (Count I); promissory estoppel in the alternative (Count II); and breach of duty of good faith and fair dealing (Count III). Filing No. 1, pp. 22-26. Defendant thereafter removed the action to this court. Filing No. 1, pp. 1-3.

According to Bank of the West, Commercial Federal and Fortress did not finalize a contract. Rather, Bank of the West argues that on November 30, 2001, Commercial Federal only issued a commitment for a credit facility to Fortress, and this commitment was subject to execution of a formal loan agreement and other loan documents, as well as finalization of loan documentation containing terms and provisions acceptable to Commercial Federal Bank and its legal counsel. Bank of the West argues that the loan documentation never occurred, the parties never agreed on the language in the formal loan agreement, and the parties never signed a formal loan agreement. Further, Bank of the West contends that after the issuance of the commitment letter, Commercial Federal learned of an undisclosed lawsuit against Fortress Systems. This lawsuit was known as the "Broderick" lawsuit, and Commercial Federal determined that until the lawsuit was resolved, Commercial Federal could not proceed with its loan to Fortress. Fortress was unable to finalize a settlement agreement with the Brodericks, and Fortress would not agree to the new loan terms with Commercial Federal. As such, Bank of the West asserts

2

that it is entitled to summary judgment on Counts I and III of Fortress's first amended complaint, as the commitment letter signed by Commercial Federal and Fortress lacked the essential definite and certain terms necessary to form a contract.

**Legal Standards**

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56( c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, if defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational, Inc.*, 825 F.2d 167, 173 (8th Cir. 1987).

Once defendant meets its initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56( c)

3

"mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). While courts evaluate facts in the light most favorable to the nonmoving party, "in order to defeat a motion for summary judgment, the non-moving party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis Univ.*, 167 F.3d 398, 401 (8th Cir. 1999). In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

**Analysis**

Fortress argues that the commitment letter contained normal contingency terms, but the terms were waived or modified when Commercial Federal told Fortress that it would make the loans to Fortress if it settled the Broderick lawsuit on terms which did not adversely affect Fortress's financial condition. Fortress maintains that the only reason the loan did not close was because of Fortress's alleged failure to disclose the Broderick lawsuit, and not because other terms had not been resolved. Fortress contends that the Broderick lawsuit had been previously disclosed to Commercial Federal prior to the loan closing.

Under Nebraska law, whether a contract exists is a matter of law. *Diesel Power Equip., Inc. v. ADDCO, Inc.*, 377 F.3d 853, 856 (8th Cir. 2004). A court must first determine, as a question of law, whether a purported contract's language is ambiguous regarding the parties' intent. *Evergreen Invs., LLC v. FCL Graphics, Inc.*, 334 F.3d 750, 754 (8th Cir. 2003). If the writing is not ambiguous, the court must evaluate the parties'

4

intent from the writing itself. *Evergreen Invs., LLC*, 334 F.3d at 754. However, if the terms of the purported contract are ambiguous or subject to more than one interpretation, parol evidence is permissible to determine the parties' intent. *Id.* at 754. If the alleged contract's language is ambiguous as it relates to the parties' intent, interpretation of the language is a question of fact. *Id.*

"Except in the clearest of cases, the question of whether the parties intended to contract is a factual one to be resolved by the finder of fact." *Conolly v. Clark*, 457 F.3d 872, 875 (8th Cir. 2006). Trial courts tasked with determining whether the parties to a suit intended to be bound by contract must view the evidence objectively. *Conolly*, 457 F.3d at 875. An express contract requires the existence of a definite proposal and an unconditional and absolute acceptance thereof. *Id.* A contract does not exist if the "parties contemplate that something remains to be done to establish contractual arrangements or if elements are left for future arrangement." *Id.*

"The fact that parties contemplate that a formal agreement will eventually be executed does not necessarily render prior agreements mere negotiations, where it is clear that the ultimate contract will be substantially based upon the same terms as the previous document." *Evergreen Invs., LLC v. FCL Graphics, Inc.*, 334 F.3d 750, 755 (8th Cir. 2003) (*quoting Quake Constr., Inc. v. American Airlines, Inc.*, 565 N.E.2d 990, 993 (Ill. 1990) ("If the parties intended that the document be contractually binding, that intention would not be defeated by the mere recitation in the writing that a more formal agreement was yet to be drawn.") (ellipses omitted)). "An informal agreement may be binding, despite the parties' intentions to enter a formal agreement at a later time, only if the later, formal agreement contains no new provisions not contained in or inferred from the prior informal agreement." *Diesel Power Equip.*, 377 F.3d at 857. Accordingly, summary judgment is

5

appropriate if the provisions of the purported contract at issue are so cursory, indefinite, and conditional that they fail as a matter of law to establish an objective intent on the part of the parties to be bound thereby.  *Conolly*, 457 F.3d at 875.

In this case, it remains contested what obligations arose out of the letter of commitment signed by the parties on December 5, 2001.  The first question before the court is whether this commitment letter is ambiguous as to the parties' intent to be bound.  *Evergreen Invs., LLC*, 334 F.3d at 754.  Whether a commitment letter reflects a binding agreement between the parties depends what the parties expressly manifested in their writing rather than what the parties subjectively believed.  *Evergreen Invs., LLC*, 334 F.3d at 754.  Calling a document a "commitment letter" implies, unless circumstances suggest otherwise, "that the parties intended it to be a nonbinding expression in contemplation of a future contract."  *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002) ("Labels such as 'letter of intent' or 'commitment letter' are not necessarily controlling, although they may be helpful indicators of the parties' intentions.").

The court finds the clear language of the commitment letter demonstrates that the parties did not intend the letter to constitute a binding agreement for the provision of a loan to Fortress.  The commitment letter initially outlines "[a] general summary of [the] commitment[.]" Filing No. 49, Attachment 4 ("Exhibit 33").  This summary includes:  the borrower, the guarantor, the loan term, loan amount, interest rate, loan payments, loan fee, and collateral.  *Id.*  The letter then indicates that the commitment is subject to conditions that are then listed.  Notably, condition number 3 uses the phrase, "[t]he loan, *if made*, shall be subject to . . . ."  *Id.* (emphasis added).  Condition numbers two and four both require that loan documents, appraisal, titles, plans, and waivers, must be provided subject to Commercial Federal's acceptance "in its discretion."  *Id.*  According to the final

6

paragraph of the commitment letter, it was only after the parties entered into a formal loan agreement and "all terms and requirements thereof met to the satisfaction of [Commercial Federal]," that Commercial Federal was "obligated to close and fund the loan generally outlined in this commitment." *Id.* The final paragraph also states that "this is a commitment only[.]" *Id.*

The court finds that the letter's "subject to," "if made," "this is a commitment only," and "acceptable to [Commercial Federal] in its discretion" clauses demonstrate an incomplete state of agreement. The court is persuaded that the parties' language, with specific conditions and memorializing an intent to enter into a later formal loan agreement, is indicative of the tentative nature of their agreement for the loan. Having found that the writing is unambiguous and not subject to more than one interpretation, the court need not evaluate parol evidence to determine the parties' intent.

That the parties stopped short of concluding their agreement because of an allegedly undisclosed lawsuit seems to suggest that a contractually binding agreement existed. However, the pleadings, taken in the light most favorable to plaintiff, at best indicate that only Fortress was of the opinion that the commitment letter was binding on both parties. This is insufficient to contradict the plain, unambiguous language of the commitment letter. Because the intention of the parties must be determined from the face of the writing when such writing is unambiguous, the court concludes that the commitment letter at issue evidenced mere negotiations and was not contractually binding on the parties. Plaintiff cannot prevail on a breach of contract or breach of duty of good faith theory if the parties did not intend to be bound by the commitment letter. As such, summary judgment is granted in favor of the defendant as to claims I and III of plaintiff's first amended complaint.

7

THEREFORE, IT IS ORDERED that defendant's motion for summary judgment, Filing No. 47, is granted.

DATED this 20th day of August, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge