IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FORTRESS SYSTEMS, L.L.C., | ) | |
| | ) | 8:06CV283 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM AND ORDER |
| BANK OF THE WEST, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Bank of the West's ("the Bank") motions in limine, Filing Nos. 81 and 86. This is an action for promissory estoppel in connection with a bank loan. The court previously dismissed plaintiff Fortress Systems L.L.C.'s ("Fortress") claims for breach of contract and breach of duty of good faith and fair dealing claims. See Filing No. 63.

In its pending motions, the Bank seeks exclusion of the report and testimony of plaintiff's expert, Luke Northwall, under *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993). It also moves for an order in limine precluding Fortress from presenting evidence or argument concerning prior representation by its law firm, Fitzgerald, Schorr, Barmettler & Brennan ("Fitzgerald Schorr"), of Robert J. Broderick, Sr., Douglas A. Broderick, Robert J. Broderick, Jr., and Thomas P. Broderick ("the Brodericks") and Commercial Federal Bank.

### *Daubert* Motion

Luke Northwall is a Certified Public Accountant licensed to practice in Nebraska. He has been designated as an expert witness by plaintiff and is expected to testify regarding Fortress's lost profits. The Bank moves to exclude Mr. Northwall's testimony,

asserting that it does not meet the standards set forth in Fed. R. Evid. 702 and *Daubert v. Merrell-Dow Pharmaceuticals,* 509 U.S. at 592-93.  The Bank challenges Mr. Northwall's acceptance of Fortress's financial projections and asserts that Northwall did not add any expertise or analysis and did not employ his experience and training as a C.P.A. to "methodically prepare, or at the least verify, information concerning Plaintiff's projected financial information."  Filing No. 82, Defendant's Brief at 5.  In opposition to the motion, Fortress contends that Mr. Northwall relied on the type of information generally relied on by Certified Public Accountants in valuation of companies.  Filing No. 94, Plaintiff's Brief at 3-5.

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires that: "(1) the evidence must be based on scientific, technical or other specialized knowledge that is useful to the finder of fact in deciding the ultimate issue of fact; (2) the witness must have sufficient expertise to assist the trier of fact; and (3) the evidence must be reliable or trustworthy."  *Kudabeck v. Kroger Co.*, 338 F.3d 856, 859 (8th Cir. 2003). Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact.  *Id.* at 860.

When faced with a proffer of expert testimony, trial judges are charged with the "gatekeeping" responsibility of ensuring that all expert evidence admitted is both relevant and reliable.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993); *United States v. Wintermute*, 443 F.3d 993, 1000 (8th Cir. 2006).  A trial court must be given wide latitude in determining whether an expert's testimony is reliable.  *See Kumho Tire,* 526 U.S. at 152.  This analysis requires that the court make a "preliminary assessment of whether the reasoning or methodology underlying

2

the testimony is scientifically valid and of whether that reasoning or methodology . . . can be [properly] applied to the facts in issue." *Daubert*, 509 U.S. at 592-93.  The court may consider several factors in determining the soundness of the scientific methodology including: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique; and (4) whether the theory or technique used has been generally accepted in the relevant scientific community.  *Id.* at 593-594.  Courts must focus on the principles and methodology rather than the conclusion they generate.  *Id.* at 595.

Under *Daubert*, district courts apply a number of nonexclusive factors in performing this role.  *Lauzon*, 270 F.3d 681, 686-87 (8th Cir. 2001).  These are:  whether the theory or technique can be and has been tested; whether the theory or technique has been subjected to peer review and publication; the known or potential rate of error; whether the theory has been generally accepted; whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case.  *Id.* at 686-87.  "This evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject *Daubert* factors as the particular case demands."  *Unrein v. Timesavers, Inc.*, 394 F.3d 1008, 1011 (8th Cir. 2005).  There is no single requirement for admissibility as long as the proffer indicates that the expert evidence is reliable and relevant.  *Id.*  The question is whether the expert's opinion is sufficiently grounded to be helpful to the jury.  *Id.* at 1012.  "[N]othing in Rule 702, *Daubert*, or its progeny requires 'that an expert resolve an ultimate issue of fact

3

to a scientific absolute in order to be admissible.'" *Kudabeck,* 338 F.3d at 861(*quoting Bonner v. ISP Tech., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001)).

"When the <u>application</u> of a scientific methodology is challenged as unreliable under *Daubert* and the methodology itself is otherwise sufficiently reliable, outright exclusion of the evidence is warranted only if the methodology 'was so altered by a deficient application as to skew the methodology itself.'" *United States v. Gipson*, 383 F.3d 689, 697 (8th Cir. 2004) (brackets omitted) (*quoting United States v. Martinez*, 3 F.3d 1191, 1198 (8th Cir. 1993)). Generally, such deficiencies in application go to the weight of the evidence, not its admissibility. *See id.*

At this time, it appears that plaintiff's *Daubert* objections go more to the weight than to the admissibility of the expert's testimony, subject to a proper showing of foundation and reliability. *See, e.g., Kudabeck*, 338 F.3d at 862-63 (admitting testimony of a chiropractor). The Bank has not shown that the expert cannot offer testimony within his field of expertise that would be helpful to the jury. "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Id.* at 862 (*quoting Daubert*, 509 U.S. at 596). Fortress's showing establishes that the expert is qualified to testify to the opinion contained in his report and the opinion generally satisfies *Daubert's* reliability requirements. The sufficiency of the opinion and the weight to be accorded it are matters for the jury to determine. The court is unable to evaluate the potential relevance of Mr. Northwall's testimony at this stage of the proceeding. The court will properly limit the expert's testimony to matters that are relevant, helpful to the jury, and within the expert's area of expertise. Accordingly, the court finds the Bank's *Daubert* motion should be denied.

4

**Motion in Limine**

The bank argues that it anticipates that Fortress may argue that Fitzgerald Schorr's representation of the Brodericks and Commercial Federal is improper or inconsistent with its position in this case. It also argues that the law firm's prior representation of the Brodericks and Commercial Federal is not relevant to any issues remaining in this case. In opposition to the motion, Fortress first states that it does not intend to call any Fitzgerald Schorr witnesses. Fortress argues that the relationship of the law firm to the Brodericks, the Broderick state court action, and Commercial Federal is relevant to show the reason underlying the Bank's failure to make the loans to Fortress.

Some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439 (8th Cir. 1997). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. The Bank's concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. The court will admit evidence of the law firm's involvement in the transactions at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motion can be adequately resolved at trial as an objection with a sidebar, or with a review of the evidence outside the presence of the jury.

Accordingly, the court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion at trial.

    IT IS ORDERED:

    1.   Defendant's motion to exclude expert testimony (Filing No. 81) is denied.

    2.   Defendant's motion in limine (Filing No. 86) is denied without prejudice to reassertion at trial.

    DATED this 9th day of November, 2007.

                                    BY THE COURT:

                                    s/ Joseph F. Bataillon
                                    Chief United States District Judge